**Gebhardt & Kiefer, P.C.**
Sharon Flynn, Esq.
Atty. ID# 021222003
1318 Route 31 North
Annandale, NJ 08801
Tele. (908) 735-5161
sflynn@gklegal.com
Attorney for Defendant, Aramark Management Services Limited Partnership
(improperly plead as "Aramark Global Headquarters")

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| KEVIN VERHEECK,<br><br>Plaintiff,<br>v.<br><br>ARAMARK MANAGEMENT SERVICES LIMITED PARTNERSHIP (improperly plead as ARAMARK GLOBAL HEADQUARTERS), BRIGHTVIEW LANDSCAPES, LLC, JOHN DOES 1-10 (fictitiously named), ABC COMPANIES 1-10 (fictitiously named), PROPERTY MANAGING COMPANIES 1- 10 (fictitiously named) and SNOW AND ICE REMOVAL COMPANIES 1-10 (fictitiously named)<br><br>Defendants. | CIVIL CASE: 2:26-cv-02407<br><br>*CIVIL ACTION* |

**NOTICE OF REMOVAL**

**AND NOW** comes Aramark Management Services Limited Partnership, for the purpose only of removing the cause to the United States District Court for the District of New Jersey and respectfully avers as follows:

1) This is a civil action filed and now pending in the Superior Court of New Jersey Law Division, Morris County, docket number MRS-L-000428-26.

2) On or about February 18, 2026, the Plaintiff commenced this Civil Action against Aramark Management Services Limited Partnership, improperly plead as Aramark Global Headquarters, as well as BrightView Landscapes, LLC, through the filing of a Summons and Complaint in the Superior Court of New Jersey, Law Division in Morris County, New Jersey. (See a true and accurate copy of the filed Complaint, attached hereto as Exhibit "A").

3) The Plaintiff effected personal service on Aramark Management Services Limited Partnership on February 26, 2026. At the time of filing this Notice of Removal, Defendant has not been provided with a copy of the Summons or affidavit of service filed in the state court action.

4) The Complaint alleges that on January 21, 2025, while employed as a public safety officer at Fairleigh Dickinson University in Madison, New Jersey, the Plaintiff was caused to slip and fall in the parking lot of the premises due to snow and/or ice. (See Exhibit "A", First Count, ¶ 1).

5) Plaintiff further alleges that the Defendants were the owners of and/or were in control and operation of the premises, including the parking lots, and were responsible for inspection, maintenance and snow and/or ice remediation of the parking lots. Id., First Count, ¶ 2 and 3.

6) Plaintiff contends that the Defendants negligently and carelessly allowed a dangerous and hazardous condition to exist on the premises, or failed to warn of same, namely snow and/or ice in the parking lot, which caused the Plaintiff to slip and fall and become injured. Id., First Count, ¶ 5.

7) This suit is of a civil nature and involves a controversy between citizens of different states. The Plaintiff is a citizen of the State of New Jersey. (See Exhibit "A"). Defendant Aramark Management Services Limited Partnership, improperly plead as Aramark Global Headquarters, is a limited partnership organized under the laws of Delaware with its principal place of business in Pennsylvania. Defendant Aramark Management Services Limited Partnership has two partners: (1) Aramark SMMS LLC holds a 1% general partner interest; and (2) Aramark Services, Inc. holds a 99% limited partner interest in Defendant Aramark Management Services Limited Partnership. (See a true and accurate copy of the Corporate Disclosure Statement of Defendant Aramark Management Services Limited Partnership, attached hereto as Exhibit "B"). Of note, the principal place of business for all the Aramark entities is the Commonwealth of Pennsylvania, and their place of incorporation is Delaware for purposes of diversity jurisdiction.

8) Defendant BrightView Landscapes, LLC, is a limited liability company organized under Delaware law. (See a true and accurate copy of an excerpt from BrightView Holdings, Inc.'s Form 10-K filed with the Securities and Exchange Commission, attached hereto as Exhibit "C"). Upon information and belief, its sole member is BrightView Holdings, Inc., a Delaware corporation with its principal place of business in Blue Bell, Pennsylvania, as reflected in BrightView Holdings, Inc.'s SEC filings, including its Form 10-K. (Id.). Accordingly, BrightView Landscapes, LLC is a citizen of Delaware and Pennsylvania for purposes of 28 U.S.C. §1332.

9) Diversity of citizenship existed at the commencement of the suit and exists at the time the subject notice is filed.

10) The Complaint also names several fictitious defendants, including "John Does," "ABC Companies," "Property Managing Companies," and "Snow and Ice Removal Companies." Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names is disregarded for purposes of determining diversity jurisdiction.

11) Upon information and belief, Defendant BrightView Landscapes, LLC has not yet been served with the Complaint in this action. To the extent BrightView Landscapes, LLC has not been served, its consent to removal is not required at this time. See 28 U.S.C. § 1446(b)(2)(A).

12) Simultaneous with the filing of this notice, written notice has been given to all parties.

13) Defendant is also filing a copy of the instant notice of removal and all attachments thereto with the Clerk of Court, Morris County, Law Division.

14) Defendant Aramark Management Services Limited Partnership seeks to remove this matter to the United States District Court for the District of New Jersey. Defendant asserts that the amount in controversy exceeds $75,000.

15) When a case is removed to federal court, the removing defendant bears the burden of establishing subject-matter jurisdiction. Martin v. Wal-Mart Stores, Inc., 709 F. Supp. 2d 345, 347 (D.N.J. 2010).

16) In determining whether the jurisdiction amount has been satisfied, the Court must first look at the Complaint. Id.

17) On its face, the Complaint indicates that the amount in controversy is $10,000,000. (See Exhibit “A”, Statement of Damages).

18) It is facially apparent from the Plaintiff’s Complaint that the amount in controversy exceeds the $75,000 jurisdictional requirement. Accordingly, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the action is between citizens of different states.

19) Pursuant to 28 U.S.C. § 1446, a notice of removal “may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.” 28 U.S.C. § 1446(b).

20) Aramark Management Services Limited Partnership was served with Plaintiff’s Complaint on February 26, 2026.

21) Because Aramark Management Services Limited Partnership is seeking to remove this matter within thirty days from February 26, 2026, this removal is timely.

22) Pursuant to 28 U.S.C. § 1446, attached as Exhibit “A” is a copy of the pleadings served on this Defendant in this action.

23) A notice of this removal is being filed with the state court.

24) Aramark Management Services Limited Partnership reserves its right to amend or supplement this Notice of Removal.

25) Aramark Management Services Limited Partnership also reserves all affirmative defenses, including, but not limited to, Rule 12(b) and 8(c) defenses.

**WHEREFORE,** the Defendant hereby seeks to remove this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

**GEBHARDT & KIEFER, P.C.**
Attorneys for Defendant, Aramark Management Services Limited Partnership

Sharon M. Flynn

**SHARON FLYNN, ESQ.**

Dated: March 9, 2026